**HARRY B. STEVENS, Plaintiff,**

**v.**

**FAUMUINA TAGISIAALI`I and MR. KO TAE SUK aka TSK ENTERPRISES, Defendants.**

High Court of American Samoa
Land and Titles

LT No. 23-01

May 2, 2003

Before KRUSE, Chief Justice, MAMEA, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel: For Plaintiff, Arthur Ripley, Jr.
For Defendant Faumuina, Faiivae A. Galea'i, L.P
For Defendant Ko Tae Suk, William H. Reardon

OPINION AND ORDER

This dispute concerns a parcel of land "Vaiaupa" located in the Village of Leloaloa, and more particularly described in metes and bounds, by plot map in magnetic bearings, in the Territorial Registrar's office at Volume 1 Native Titles at pages 213-14, and containing 0.6 acres more or less. Title to the disputed land is registered to "Henry Stevens and Kitiona."

The disputed land, for purposes of trial, was relocated by defendant Faumuina's witness L.P. French, a locally licensed surveyor, on a larger topography map of the vicinity based on 1991 aerial photographs of the bay area. French was asked directly at the outset of his testimony as to whether his research and maps showed the Faumuina family's land; he responded negatively. Rather, his research showed that the disputed land was at one time within that area of land awarded to the Catholic Church under Court Grant 387.[1]

■ Of significance with the physical site is that Vaiaupa abuts defendant Ko's store, which is situated to the east of the disputed area. The evidence shows that the land has been, at least since the date of registration, in the exclusive use and occupation of the original titleholders and their kin, followed by the use and occupation of various generations of their respective descendants. At the present time, the land contains the remnants of a homestead's foundations as well as graves of plaintiff's family members. Vaiaupa has lately been in the custody and care of plaintiff Stevens and his siblings who have rented out the land to different third parties. Plaintiff's family has regularly obtained rents on leases of the disputed land with third parties at a rental of $1000 per month.

Plaintiff's family's use of the Vaiaupa has been undisturbed, until the recent administration of defendant Faumuina Tagisiaali'i. The latter has

---

[1] Under A.S.C.A. § 37.0201, such land is "freehold" land, unless "at the request of the owner, [the land has] been returned to the status of other land in American Samoa surrendering their freehold characteristics." Except for anecdotal references French said he saw on files that the Catholic Church maintained, he could not find any record of a formal relinquishment of the land by the Catholic Church in any government office. Practice, however, seems to suggest that the Church may have surrendered its interests in the area since the court grant area has been in the occupation of the Faumuina family, excluding the disputed land.

apparently taken the position that all land in the vicinity is logically the communal property of the Faumuina family of Leloaloa, and he has accordingly taken it upon himself to assert dominion over the disputed land, notwithstanding the continuing protests of Stevens and his siblings, by granting Ko permission to use the disputed land for parking, storage of containers, and other related commercial use. Faumuina formalized his agreement with Ko in a writing dated March 20, 2000, purporting to issue a license over the disputed land for a period of 10 years. While Ko used the disputed land, between December 2000 and December 2001, plaintiff and his siblings were effectively prevented from enjoyment of the land.

Faumuina's response to numerous entreaties from plaintiff's side, including written notices to both Faumuina and his permittee Ko, was to first demand that plaintiff prove their entitlement to him. Plaintiff then confronted Faumuina with the registration papers from the Territorial Registrar's office, but to no avail. Faumuina appeared receptive only to the idea of plaintiff selling him the land so that he could live within the confines of Leloaloa village. Moreover, efforts for an A.S.C.A. § 43.0302 resolution before the office of Samoan Affairs proved fruitless.

On December 26, 2001, plaintiff filed suit against the defendants seeking eviction and damages for trespass. Shortly thereafter, Ko moved off the disputed land.

We conclude on the evidence that as between the parties, plaintiff has a superior claim of entitlement to the disputed land than that of Faumuina and his permittee Ko. The latter have shown absolutely no basis whatsoever for going upon the disputed land but for an entirely unfounded assumption. Their unauthorized use of the disputed land constituted trespass.

We further conclude that an award of damages in the sum of $12,000, as prayed for in the complaint,[2] has been sufficiently shown. While plaintiff seeks eviction, the Court is of the view that injunctive relief is more appropriate under the circumstances. Among other things, the legal remedy is inadequate and equity would avert a multiplicity of suits.

Accordingly, the judgment of the Court is as follows:

1. Plaintiff is awarded damages in the sum of Twelve Thousand Dollars

---

[2] This is perhaps an appropriate case to award punitive damages, had such an award been sought and appropriately argued. Given the sensitive and emotive dimension to Samoan land disputes, self-help measures must be thoroughly discouraged. *See generally Letuli v. Le`i*, 22 A.S.R.2d 77, 85-86 (Land & Titles Div. 1992).

($12,000) against the defendants and each of them jointly and severally.

2. The defendants and each of them, together with their respective *aiga*, agents, servants, attorneys and all those in active concert with them are hereby enjoined and restrained from any further encroachment whatsoever upon the plaintiff's family land "Vaiaupa," as the same is more particularly described in the Territorial Registrar's office at Volume 1 Native Titles at pages 213-14, and containing 0.6 acres more or less, and relocated on Exhibits "13" and "14" of the record hereof.

It is so ordered.